**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| DAVID P. BAKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL ASTRUE, Commissioner ) <br> of the Social Security Administration, ) <br> ) <br> Defendant. ) | Case No. 4:10-CV-00066-TWP-WGH |

## ENTRY ON JUDICIAL REVIEW

Plaintiff, David P. Baker ("Baker"), requests judicial review of the final decision of Defendant, Michael J. Astrue, Commissioner of the Social Security Administration (the "Commissioner"), denying Baker's application for a period of disability and disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. 42 U.S.C. § 405(g). For the reasons set forth in this opinion, the Court **REMANDS** the decision of the Commissioner.

### I. BACKGROUND

**A. PROCEDURAL HISTORY**

On May 21, 2007, Baker filed an application for a period of disability and DIB, alleging disability beginning March 16, 2007. Baker's application was denied initially on July 24, 2007 and again upon reconsideration on October 11, 2007. Thereafter, Baker requested a hearing on December 3, 2007. In response to that request, a video hearing was held with the Administrative Law Judge L. Zane Gill ("ALJ") on August 13, 2009. On January 28, 2010, the ALJ denied Baker's application for DIB. On May 6, 2010, the Appeals Council denied review of the ALJ's decision. Upon the Appeals Council's denial of review, the ALJ's decision became the final

decision of the Commissioner. 20 C.F.R. § 404.981; *Luna v. Shalala*, 22 F.3d 687, 689 (7th Cir. 1994). Baker now requests review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**B.    BAKER'S WORK HISTORY**

Baker was born on January 20, 1957 and was fifty-three years old at the time the ALJ rendered his decision. (Tr. 104; 52.) Baker is a high school graduate and received vocational training for heating and air conditioning from ITT Technical Institute. (Tr. 141.) Prior to his application for DIB, Baker was employed as a president representative for a labor union and as a gage inspector. (Tr. 134; 20.) He began his work as an assembler and at the time Baker went on medical leave from his employer on March 16, 2007, he had 29 years in at work (Tr. 15).

**C.    STATEMENT OF THE FACTS**

Baker filed an application for DIB on May 21, 2007. (Tr. 34; 104-109.) The ALJ found that Baker suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, chronic obstructive pulmonary disease ("COPD"), and migraines. (Tr. 37.) The medical evidence relevant to this opinion is set forth below.[1]

On June 27, 2007, Baker underwent a psychological evaluation conducted by clinical psychologist Deborah A. Zera, Psy.D. ("Dr. Zera"). (Tr. 210-14.) Baker reported that he "had difficulty understanding others over the past few months ... [and] explained that he seems to require explanation and repetition." (Tr. 210.) Baker also reported being "tired all the time" and having a low energy level. (Tr. 211.) Dr. Zera gave Baker the Wechsler Memory Scale test, and

---

[1] Neither party provided the Court with a summary of the medical evidence relevant to this decision. Instead, the Commissioner merely directed the Court to the ALJ's lengthy factual background; while Baker failed even to mention the need to provide a factual backdrop. Because both parties have been remiss in this respect and the Court finds no occasion to formulate an exhaustive rehash of Baker's medical history from scratch, the medical evidence herein only consists of the information necessary for the Court to construct its opinion.

Baker's scores were "found to range from the low average to the average range of functioning." (Tr. 212.) Dr. Zera noted that Baker "evidenced adequate attention and memory and *decreased concentration*." (Tr. 212; emphasis added.) Dr. Zera diagnosed Baker with "Recurrent Major Depression, Severe; Generalized Anxiety Disorder; ... COPD; Degenerative Disc Disease; and gastroesophageal reflux disease "GERD." (Tr. 212.)

On July 3, 2007, a psychiatric review technique form was completed by B. Randal Horton, Psy D. ("Dr. Horton"). (Tr. 215-28.) Dr. Horton opined that, overall, Baker's "psych condition is not severely limiting" and he was not suffering from any severe mental impairments. (Tr. 227.) Among Dr. Horton's findings, it was determined that Baker had mild difficulties in maintaining concentration, persistence, or pace. (Tr. 225.)

**D. THE HEARING AND SUBSEQUENT INTERROGATORIES**

A hearing was held on August 13, 2009, at which Baker and Chandra Donnell, a vocational expert ("VE"), testified. (Tr. 9.) In addition to her hearing testimony, the VE also answered interrogatories submitted by the ALJ on December 15, 2009. (Tr. 186-90.)

**1. Baker's Testimony**

At the hearing, Baker's attorney provided the ALJ with a summary of Baker's medical conditions. (Tr. 15-16.) The attorney stated that Baker's primary disability was degenerative disc disease but that the claimant also suffered from high blood pressure, migraines, and COPD. (Tr. 16.) The attorney also stated that Baker's memory and concentration started to fail and he suffers from depression and anxiety. (Tr. 15-16.) When asked whether the summary provided by the attorney was accurate, Baker testified that it was. (Tr. 17.)

## 2. Vocational Expert's Testimony

The VE testified that she would be utilizing the Dictionary of Occupational Titles ("DOT") and would inform the ALJ if she deviated from the DOT. (Tr. 19.) The VE testified that Baker had fifteen years of experience as a president representative for labor unions, DOT Code 187.167-018. (Tr. 19.) This position was classified as "a highly skilled position ... at the sedentary exertion level." (Tr. 19.)

The ALJ proceeded to ask the VE to consider a hypothetical person of the same age, education and work experience as Baker. (Tr. 23.) The person can "lift and carry 10 pounds frequently [and] 20 pounds occasionally." (Tr. 23.) The person could sit, stand or walk "six of eight hours with normal breaks and the option of sit/standing at ... station." (Tr. 23.) Pushing and pulling would be restricted to the lifting and carrying limitations. (Tr. 23.) There could be "occasional stooping, crouching, kneeling, crawling, bending; frequent reaching, handling and fingering, bi-lateral; no ladders, ropes or scaffolds; nothing more than concentrated exposure to unprotected heights and moving machinery." (Tr. 23-24.) The VE responded that, "[g]iven that particular profile, the position as president representative for the labor union would still be maintained." (Tr. 24.)

Baker's attorney then posed two additional hypotheticals to the VE. (Tr. 24-26.) First, the VE was asked to consider a person who was similar to the ALJ's hypothetical but the "sit, stand and walk restrictions were limited to one hour intermittently." (Tr. 24.) In the second hypothetical given by the attorney, the VE was asked to add an extra psychological component that would cause the person to be "unable to engage in stress situations or engage in interpersonal relations." (Tr. 25.) The VE responded to both of these hypotheticals by stating that they would likely be preclusive of Baker's past employment. (Tr. 25-26.)

### 3. Vocational Expert's Answers to ALJ's Interrogatories

On December 15, 2009, the VE responded to interrogatories submitted by the ALJ. In relevant part, question seven (7) provided the VE with a hypothetical which, for all intents and purposes, mirrored the residual functional capacity ("RFC") used in the ALJ's decision. The hypothetical read as follows:

> [T]he individual can lift, carry, push and pull up to 20 pounds occasionally, 10 pounds frequently, stand for 6 hours in an 8 hour workday, walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. However, the individual's impairments are such that they require an at station sit-stand option to alternate positions at various times throughout the workday. They can frequently reach, handle and finger bilaterally. The individual can occasionally stoop, crouch, kneel, crawl and bend. The individual is unable to perform work that requires any climbing of ladders, ropes and scaffolds, nor that which includes anything more than concentrated exposure to unprotected heights and moving machinery. Finally, the individual is unable to perform work that includes anything more than moderate exposure to indoor temperature extremes, indoor airborne irritants, and indoor excess humidity.

(Tr. 187.) The VE responded that such an individual could perform Baker's past employment as the business representative of a labor union. (Tr. 187; 190.)

## II. DISABILITY AND STANDARD OF REVIEW

To be eligible for disability insurance benefits, a claimant must establish a disability under 42 U.S.C. § 423. "Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In order to determine whether a claimant is disabled, the ALJ must evaluate the claim based on the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ must consider whether the claimant is engaged in a substantial gainful activity. If the claimant has engaged in such activity, then he is not disabled. *Id*. Second, the ALJ

considers the medical severity of the claimant's impairment(s). If the claimant does not have a severe medically determinable physical or mental impairment that meets the duration requirement set forth in 20 C.F.R. § 404.1509, or a combination of impairments that meets the duration requirement, the claimant is not disabled. *Id*. In the third step of the analysis, the ALJ considers the medical severity of claimant's impairments. If claimant has an impairment that meets or is equal to one of the impairments listed in Appendix 1 of this section and meets the duration requirement, the claimant is disabled. *Id*. At step four, the ALJ considers the assessment of claimant's RFC and his past relevant work, and if the claimant is still able to do his past relevant work, the claimant is not disabled. *Id*. The last step of the evaluation process requires the ALJ consider the claimant's RFC assessment, age, education, and work experience to determine if claimant can make an adjustment to other work. If an adjustment can be made, claimant is not disabled. *Id*. The burden of proof during steps one through four is on the claimant; however, the burden shifts to the Commissioner at step five. *Knight v. Chater,* 55 F.3d 309, 313 (7th Cir. 1995).

The district court is vested with jurisdiction to review the Commissioner's denial of benefits. 42 U.S.C. § 1383(c)(3). However, the court's standard of review in disability cases is limited. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004) (citation and quotations omitted). The court must determine whether the final decision of the Commissioner is supported by substantial evidence and is based on the proper legal criteria. *Id*. (citation omitted). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citation and quotations omitted). If the Commissioner's findings are supported by substantial evidence, the ALJ's decision will be upheld. *Id*.

While reviewing the record, the court will conduct a critical review of both the evidence that supports and detracts from Commissioner's final decision. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (citations omitted). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003) (quotation marks omitted). In addition, the court will review whether the ALJ rationally articulated the grounds for his decision, and a remand may be required if the ALJ failed to "build an accurate and logical bridge from the evidence to the conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). However, the court must not attempt to substitute its judgment for the ALJ's "by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Cannon v. Apfel*, 213 F.3d 970, 974 (7th Cir. 2000) (quoting *Williams v. Apfel*, 179 F.3d 1066, 1071-72 (7th Cir. 1999)).

### III. DISCUSSION

**A. THE ALJ'S FINDINGS**

In his decision, the ALJ found that Baker met the disability insured status requirements of the Social Security Act through December 31, 2012. (Tr. 36.) At step one, the ALJ found that Baker had not engaged in substantial gainful activity since the alleged onset date of March 16, 2007. (Tr. 37.) At step two, the ALJ determined that Baker "has the following severe impairments: Degenerative Disc Disease of the Cervical and Lumbar Spine, Chronic Obstructive Pulmonary Disease, and Migraines." (Tr. 37.) At step three, however, the ALJ found that Baker's impairments, either singly or in combination, did not meet or medically equal an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 40.) At step four, the ALJ made the following finding as to Baker's RFC determination:

> … the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift, carry, push and pull up to 20 pounds occasionally, 10 pounds frequently, stand for 6 hours in an 8 hour workday, walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. However, the claimant's impairments are such that he requires an at station sit-stand option to alternate positions at various times throughout the workday. He can frequently reach, handle and finger bilaterally. The claimant can occasionally stoop, crouch, kneel, crawl and bend. The claimant is unable to perform work that requires any climbing of ladders, ropes and scaffolds, nor that which includes anything more than concentrated exposure to unprotected heights and moving machinery. He is unable to perform work that includes anything more than moderate exposure to indoor temperature extremes, indoor airborne irritants, and indoor excess humidity.

(Tr. 40.) The ALJ found that Baker was able to perform past relevant work as a "President Representative For A Labor Union (D.O.T. #187.167-018)." (Tr. 51.) Therefore, it was determined at step four that Baker was not disabled.

**B.     BAKER'S ARGUMENTS ON APPEAL**

Baker makes a wide range of arguments on appeal. Baker's procedural arguments include assertions that the record is defective and that the ALJ erroneously failed to provide Baker with a supplemental hearing. Baker also asserts various substantive arguments attacking the validity of the ALJ's RFC determination and hypotheticals posed to the VE. The Court finds merit in one such substantive argument: that is, the ALJ erred in his determination of Baker's RFC, thus tainting his finding that Baker could perform past relevant work. Because remand will both cure any alleged procedural defects and require a reworking of the ALJ's RFC determination, the Court's analysis is confined to this one argument.

Specifically, Baker argues that the ALJ erred by failing to include Baker's limitations as to concentration, persistence, or pace in the RFC or in the hypotheticals presented to the VE both at the hearing and in the subsequent interrogatories. At step three of the ALJ's analysis, the ALJ concluded that Baker had a "mild limitation" in concentration, persistence or pace. (Tr. 38.) In

making this finding, the ALJ relied primarily upon a consultative examination conducted by Dr. Zera, as well as a psychiatric assessment made by Dr. Horton. (Tr. 38; 210-214; 225.) The ALJ discussed both of these sources and Baker's limitation in concentration, persistence, and pace again during his assessment of Baker's RFC determination. (Tr. 43; 51.) However, despite affording weight to these sources, the ALJ did not include this limitation in Baker's RFC. (Tr. 40.) Nor did the ALJ include Baker's limitation in the hypotheticals put forth to the VE, the answers to which the ALJ relied on in making his step four determination. (Tr. 23-24; 187; 51.)

Baker argues that the ALJ's failure to include the mild limitation in concentration, persistence, or pace in the RFC was error and cites *O'Connor-Spinner v. Astrue,* 627 F.3d 614 (7th Cir. 2010) in support of his contention. In *O'Connor-Spinner*, the Seventh Circuit held that a claimant's limitation as to concentration, persistence, or pace must ordinarily be expressly referred to in the hypothetical given to a vocational expert. *Id.* at 620-621. The Defendant counters Baker's argument by attempting to distinguish *O'Connor-Spinner* from the present case. Def. Br. at 11. The Defendant argues that the claimant in *O'Connor-Spinner* had a severe mental impairment; in contrast, Baker was found to have no such impairment and thus *O'Connor-Spinner* does not apply. The Court is not persuaded.

The court in *O'Connor-Spinner* stated that "[o]ur cases generally have required the ALJ to orient the VE to the totality of a claimant's limitations. Among the limitations the VE must consider are deficiencies of concentration, persistence and pace." *Id.* at 619 (citations omitted); *see also Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *Kasarsky v. Barnhart,* 335 F.3d 539, 544 (7th Cir. 2003). Contrary to Defendant's argument, *O'Connor-Spinner* never suggested that this prevailing requirement is contingent upon the finding that the claimant in question has a severe mental impairment. Thus, the rule provided in *O'Connor-Spinner* must apply here.

The Court would be remiss, however, if it did not acknowledge the two exceptions to the general rule espoused in *O'Connor-Spinner*. First, an ALJ is not required to account for limitations in concentration in his hypothetical when the record indicates that the VE "independently learned of the limitations (through other questioning at the hearing or outside review of the medical records, for example) and presumably accounted for them." *Similia v. Astrue,* 573 F.3d 503, 521 (7th Cir. 2009) (quoting *Steele v. Barnhart,* 290 F.3d 936, 942 (7th Cir. 2002). However, courts have clarified that this exception does not apply when a series of hypotheticals are posed to the VE because it may be "infer[ed] that the VE's attention is focused on the hypotheticals and not on the record." *O'Connor-Spinner,* 627 F.3d at 619 (citing *Similia,* 573 F.3d at 521; *Young v. Barnhart,* 362 F.3d 995, 1003 (7th Cir. 2004)). In other words, "the exception does not apply if the record indicates that the VE's testimony was confined to the limitations set forth in the ALJ's hypothetical question." *Similia,* 573 F.3d at 521 (citation omitted).

As it happens, several hypotheticals were posed to the VE by both the ALJ and Baker at the hearing, and the record indicates that the VE's responses were at all times confined to the hypotheticals. This is evidenced by the fact that the VE prefaced her response to the ALJ's hearing hypothetical with saying "*[g]iven that particular profile ...*" (Tr. 24; emphasis added). In any event, the record does not indicate that the VE independently reviewed the medical evidence or relied upon it to determine that Baker could perform his past work. And although the VE was present to hear other testimony during the hearing, there was no testimony addressing Baker's limitations in concentration, persistence, or pace upon which the VE relied to provide her opinion. Therefore, this exception is inapplicable.

A second exception exists which allows for the ALJ to omit the terms "concentration, persistence, or pace" from a hypothetical when it is implicit in the hypothetical that such a limitation exists. *O'Connor-Spinner,* 627 F.3d at 619. *See e.g. Johansen v. Barnhart,* 314 F.3d 283 (7th Cir. 2002) (upholding a hypothetical in which the claimant was limited to "repetitive, low-stress work."). Nonetheless, this exception does not apply, as there exists no phraseology in either the hypothetical presented by the ALJ at the hearing or in the interrogatory that would imply Baker's limitation as to concentration, persistence, or pace.

Without an exception to the general rule, the ALJ's failure to account for limitations in concentration, persistence, or pace in his hypothetical is dispositive. This decision is reinforced by the particular circumstances of this case. The ALJ found that Baker was disabled at step four because he was able to perform his past employment as president of a labor union, a "highly skilled" position (Tr. 19). Admittedly, a mild limitation will not ordinarily be preclusive of one's ability to work. However, considering the nature of Baker's past work, a mild limitation in concentration could conceivably affect Baker's ability to maintain highly skilled employment in a competitive economy. In other words, the Court is left to wonder if the ALJ's step four determination would have been affected by including the relevant limitations in the RFC. Simply stated, a contrary ruling finding that the ALJ's error was harmless would be improperly based on speculation and guesswork, an exercise in which this Court is unwilling to undertake. Along similar lines, the Court is precluded from speculating how the ALJ may have ruled at step five.

In this case, the ALJ did not include Baker's relevant limitations in the hypothetical given to the VE at the hearing or in the subsequent interrogatory. An administrative law judge is generally required to expressly refer to a claimant's limitations on concentration, persistence and

pace in a hypothetical presented to the VE. Because the ALJ has failed in this respect and no exceptions to the general rule apply under the circumstances, remand is required.

## IV. CONCLUSION

For the foregoing reasons, the final decision of the Commissioner of Social Security is hereby **REMANDED.**

SO ORDERED.

DATE: 08/15/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Steven R. Jacobs
srjindy@aol.com

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov